Frisbie v. State.

HENRY M. FRISBIE, Plaintiff in Error, v. STATE OF OREGON, Defendant in Error.

*Error to Polk.*

1. A pack of playing-cards is a "gambling device" within the meaning of the statute.
2. The terms, "suffering such gambling device to be *set up* and *used*," &c., are properly used in charging said offence.

PLAINTIFF in error, at the November term of the Circuit Court for Polk County, 1859, was indicted for suffering a gambling device to be set up and used, in a certain house then occupied by him, for the purpose of gaming.

There was a trial, and conviction for the offence as charged.

*G. H. Williams,* for plaintiff in error.

*J. G. Wilson,* for State.

STRATTON, J. The instructions of the court upon the trial of this case, to which exceptions were taken, were founded wholly upon the construction of our gaming act; and the question now is, was the interpretation of those statutes given

Frisbie *v*. State.

by the court below correct? The facts, as they appear by the bill of exceptions, are, " that witness and others met at defendant's (below) grocery in the after part of the day; made up a game of what is familiarly known as poker; half a dollar ante; played with common playing-cards on a card table; played all night. Defendant was in the game; he sometimes won and sometimes lost. Used several packs of cards; they were paid for out of the common fund."

The indictment substantially charges the plaintiff in error with suffering a gambling device to be set up and used for the purpose of gaming, &c. With this state of facts, and under the indictment, the counsel for plaintiff in error asked the court to charge, substantially :

1st. That a pack of playing-cards was not a gambling device, as described in the indictment.

2d. That such a pack of cards was not a gambling device within the meaning of the statute.

Several other instructions were asked and refused, as being too general, and not applying to the case.

The court did instruct the jury, that " if they believed from the evidence, that the defendant suffered gambling with cards in his house, it was a sufficient setting up of a gambling device to warrant a conviction. Also, that evidence showing that the defendant engaged in, and suffered gambling with cards in his house, all of one night, it would be a sufficient setting up and using a gambling device, to warrant a conviction."

To the refusal to charge as requested, and to the charge as given, exceptions were taken. Two questions arise in this case :

1st. " Is gaming with cards, in the manner as the evidence here tends to disclose, a gambling device to bring the game within the description of a gambling device, as set forth in the indictment.

2d. " If so, was there sufficient evidence of such a setting up and use, as warranted the judge in charging the jury in manner as set forth in the bill of exceptions."

To both of these questions, we answer in the affirmative. As to the first point, chapter 10, section 1st, of the *Statutes of* 1855, *p.* 231, enumerates certain games, which are by that act prohibited, closing such enumeration by the words, " or gambling devices whatever," evidently intending to include, in this general term " device," every game that had been specified before, or any modification of them, which by fair interpretation could be brought within these definitions. The act of February 1st, 1858, (*Session Laws of* '57 *and* '58,) section 1st, amendatory of the above act, is still more explicit, prohibiting " all gambling with cards, and all gambling devices," clearly intending the term " devices" to cover the entire catalogue, against which the statute is framed. It must mean this, or it really means nothing ; for it would not be pretended, that the law would be effective to punish for any game not enumerated in the statute. Any other view would make the law insensible ; and while the courts are bound to construe criminal statutes strictly, the courts are equally bound to make them effective, when it can be done without infraction of settled principles of interpretation. It is difficult to perceive, in this case, how the legislature could more distinctly have pointed out what was intended by the term " device."

As to the second point. The indictment charges the " setting up and using," in the exact language of the statute, as applicable to this game. The prosecutor might have added the words " played," " dealt" and " practiced," words of the statute, and it is not perceived that the indictment would have been better or worse for such words. Here it was the " user" which was the gist of the offence, and that is alleged definitely enough.

In the argument, much stress was laid on the words " set up," used in the indictment, as applied to a game of cards. This is a phrase of very wide latitude of meaning it is true, but quite capable of being generally understood. It does not necessarily and exclusively apply to the construction or setting up of some physical object or design, as billiard or

roulette tables, as counsel would insist; but it may, and indeed is more frequently used in a figurative sense.   Thus, it is said, that a man has "set up" the business of a merchant, or the trade of a carpenter; or, that he has "set up" in life with fair prospects; and in this we think there was good reason for saying, that the plaintiff in error had set up the occupation of a gambler.   This form of expression is too common to be misunderstood; and being used in the statute as descriptive of the manner in which such offences are put in practice, is deemed to have been properly used.

Judgment is affirmed.